1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS T. ALFORD,

11              Plaintiff,                    No. CIV S-11-2583 WBS GGH P

12        vs.

13   SHASTA COUNTY SUPERIOR COURT,

14              Defendant.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He purportedly seeks relief

17   pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to

18   proceed in forma pauperis.  As plaintiff filed his in forma application without signing or dating it,

19   the court ordered him to submit a signed and dated application by order filed on October 12,

20   2011, which he did on October 21, 2011.  This proceeding was referred to this court by Local

21   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

22            Plaintiff has submitted a declaration that makes the showing required by 28

23   U.S.C. § 1915(a).   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28

26   U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments shall be

2  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint must contain more than a "formulaic recitation of the elements of a

19  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

20  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

21  "The pleading must contain something more...than...a statement of facts that merely creates a

22  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

23  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

24  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

25  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

26  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Although it is extremely difficult to read the faint lettering on the complaint, plaintiff evidently seeks a writ of mandate from this court ordering Shasta County Superior Court to conduct DNA testing of blood on a shirt for possible exculpatory evidence.  Complaint, p. 3. Plaintiff sets forth that he was convicted of second degree murder with an enhancement, resulting in a sentence of fifteen-years-to-life with a ten-year gun enhancement in Shasta County Superior Court in 1996.  Id.,exhibit at 7.  Plaintiff evidently filed a motion for the DNA testing pro se in January of 2008, as his counsel, the Shasta County Public Defender's Office, refused to file such a motion on his behalf on the ground "that the evidence of the case does not support a reasonable argument for DNA evidence testing."  Id., exhibits at 14, 16.  In a letter dated November 21, 2008, Shasta County Superior Court Judge Anthony Anderson rejected plaintiff's request for a hearing under Cal. Penal Code § 1405,[1] noting that plaintiff had "voluntarily entered a plea to the charges" for which plaintiff is serving his sentence and that "[t]here is no evidence that your plea was not knowing, intelligent and voluntary."  Id., at 19.  Plaintiff's request for DNA testing has apparently been rejected up through the state Supreme Court.  See denial of petition for writ of habeas corpus at 28, with citation to In re Swain, 34 Cal.2d 300, 304 (1949); People v. Duvall,9 Cal.4th 464, 474 (1995);  In re Dexter, 25 Cal.3d 921 (1979).

\\\\

---

[1] This statute is entitled "Motion for DNA testing," and sets forth, inter alia, the process for filing such a motion by a person with a felony conviction serving a prison sentence.

3

1    Federal courts lack jurisdiction to issue a writ of mandamus to a state court.

2   Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.

3   1991), citing 28 U.S.C. § 1651.  However, the Supreme Court has recently held that the federal

4   court has subject matter jurisdiction over a claim by a convicted state prisoner who raised a due

5   process challenge to a Texas postconviction DNA statute, as "authoritatively construed" by the

6   state courts, and that such a claim is cognizable under 42 U.S.C. § 1983.  Skinner v. Switzer, __

7   U.S.__, 131 S. Ct. 1289, 1296, 1298 (2011).  In other words, while plaintiff was foreclosed from

8   challenging the state court decision itself, the "statute or rule governing the decision may be

9   challenged in a federal action."  Id., 131 S. Ct. at 1298 [citations omitted].  Thus, while this

10   complaint must be dismissed because plaintiff names Shasta County Superior Court as the

11   defendant, the court will grant plaintiff leave to amend to name an appropriate defendant and to

12   set forth a basis for this action consistent with the holding of Skinner, supra.

13    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17   there is some affirmative link or connection between a defendant's actions and the claimed

18   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

19   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

20   vague and conclusory allegations of official participation in civil rights violations are not

21   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This is because, as a

25   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4

1   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3              In accordance with the above, IT IS HEREBY ORDERED that:

4              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6   The fee shall be collected and paid in accordance with this court's order to the Director of the

7   California Department of Corrections and Rehabilitation filed concurrently herewith.

8              3.  The complaint is dismissed for the reasons discussed above, with leave to file

9   an amended complaint within twenty-eight days from the date of service of this order.  Failure to

10  file an amended complaint will result in a recommendation that the action be dismissed.

11  DATED: November 21, 2011

12                                    /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE
13
    GGH:009
14  alfo2583.ord

15

16

17

18

19

20

21

22

23

24

25

26