IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS T. ALFORD, | | |
| | Plaintiff, | No. CIV S-11-2583 WBS GGH P |
| vs. | | |
| SHASTA COUNTY SUPERIOR COURT, | | |
| | Defendant. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 22, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

   As plaintiff has been informed previously, the court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b)(1),(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint, seeking a writ of mandate from this court to order the Shasta County Superior Court to conduct DNA testing of blood on his shirt for possible exculpatory evidence, was dismissed with leave to amend for plaintiff to name an appropriate defendant and to attempt to frame a due process challenge to the state DNA statute, pursuant to Skinner v. Switzer, __ U.S.__, 131 S. Ct. 1289, 1296, 1298 (2011) (finding cognizable, under §

2

1983, plaintiff's challenge to a Texas postconviction DNA statute, as "authoritatively construed" by the state courts). Plaintiff, however, has failed to cure the defects of the original complaint. Plaintiff names as defendants: Shasta County District Attorney Dennis Sheehy; Shasta County Superior Court Judge Anthony Anderson; and Shasta County Public Defender James Richardson in his amended application seeking injunctive relief and money damages. First Amended Complaint (FAC), pp. 1-4. In Skinner v. Switzer, the Supreme Court determined that a § 1983 action against the defendant district attorney could proceed where plaintiff challenged the constitutionality of the state statute, facially or as consistently applied, but not the decision itself. 131 S. Ct. at 1298. In the amended complaint, plaintiff alleges that defendant Sheehy failed to properly oversee his employees in the prosecution of plaintiff's case in violation of his due process rights. FAC, p. 5. Plaintiff contends that defendant Richardson, who was assigned to investigate and determine whether a motion brought pursuant to Cal. Pen. Code §1405 for DNA on plaintiff's behalf would be appropriate, violated his due process rights and provided ineffective assistance of counsel by declining to bring such a motion. Id., at 4 and Exhibits B & D. Finally, plaintiff maintains that defendant Judge Anderson violated his due process rights as well as Cal. Penal Code § 1405[1] and Cal. Evid. Code § 1153[2] by denying plaintiff's motion for DNA testing on the ground that plaintiff had voluntarily entered a guilty plea on the relevant charges. Id., at 4-5 and Ex. C. Plaintiff presents evidence that his request for DNA testing has been rejected up through the state Supreme Court. Id., Ex. G, copy of a denial of a petition for writ of habeas corpus by the California Supreme Court, with citation to In re Swain, 34 Cal.2d 300, 304 (1949); People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Dexter, 25 Cal.3d 921 (1979).

\\\\\

---

[1] As noted in the court's prior order, this statute, entitled "Motion for DNA testing," sets forth, inter alia, the process for filing such a motion by a person with a felony conviction serving a prison sentence.

[2] This statute renders inadmissible evidence of a guilty plea that was subsequently withdrawn or of an offer of such a plea to a crime in any proceeding of any kind.

Plaintiff's allegations do not come within the parameters set forth in Skinner, 131 S. Ct. at 1298.  Plaintiff expressly does not challenge the constitutionality of California's DNA statute; at most, he claims that his appointed counsel, the state courts and the prosecutor have failed to follow the applicable statute(s), thereby depriving him of due process.  In other words, he makes a particularized challenge to the state court rulings against him – a challenge from which he is foreclosed from proceeding under § 1983.  To the extent that plaintiff continues to seek injunctive relief in the form of a mandate from this court requiring the state court to order the DNA testing he seeks, plaintiff is again informed that federal courts lack jurisdiction to issue a writ of mandamus to a state court.  Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C. § 1651.  Because plaintiff seeks to implicate the state court rulings against him and does not challenge the constitutionality of the statutes applied, plaintiff, as petitioner, may only proceed in federal court by way of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  In other words, plaintiff is challenging the validity of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484,  93 S.Ct. 1827 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody....").

To the extent plaintiff seeks money damages against any named defendant, plaintiff may not proceed without first bringing a successful challenge to his confinement by way of a habeas petition.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

>in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

Further, with respect to defendant Anderson, a state Superior Court judge, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. <u>Pierson v. Ray</u>, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-7 (1978), quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of <u>Stump v. Sparkman</u> determines its scope:

>The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

<u>Id.</u> at 361.

It is clear that plaintiff seeks to implicate this defendant for judicial rulings, that is, for action taken well within the course and scope of his judicial duties. This defendant appears to be absolutely immune in this putative § 1983 action.

As to defendant Richardson, a public defender, plaintiff's claims of ineffective assistance of counsel under § 1983 are not cognizable. In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act

5

complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, plaintiff may not proceed in this action against defendant Richardson.

With regard to defendant District Attorney Sheehy, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984). To the extent that plaintiff seeks to implicate this defendant for his failure to supervise his subordinates in the prosecution of plaintiff's criminal case and assuming that could be characterized as an administrative function, § 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

\\\\\

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus, plaintiff has not framed colorable claims against defendant Sheehy.

Plaintiff has been granted leave to amend to frame colorable claims and has failed to do so.  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend."  Lopez v. Smith, 203 F.3d at 1124.  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).  The court cannot discern any basis, in light of the plainly meritless claims of the amended complaint, upon which further leave to amend could be other than futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

\\\\\

1. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
alfo2583.fr